**Nora Z. RAMOS, Antonietta Maglipon,
Plaintiffs–Appellants,**

v.

**Arthur W. LONSCHEIN, as Justice of
the Supreme Court of the State of
New York, County of Queens, James
Grayshaw, as Judge of the Housing
Court, Civil Court of the City of New
York, County of Queens, Jack Baer,
Chief Clerk of the Civil Court of the
City of New York, Vincent Sampieri,
Burton Ritter, Defendants–Appel-
lants.**

No. 03–7966–CV.

United States Court of Appeals,
Second Circuit.

Sept. 30, 2004.

Nora Z. Ramos, Antonietta Maglipon,
Woodside, New York, for Appellants, pro
se.

Marion R. Buchbinder, Senior Assistant
Solicitor General, Carol Fischer, Assistant
Solicitor General, for Eliot Spitzer, Attor-
ney General of the State of New York,
New York, New York, for Appellees, of
counsel.

Present: FEINBERG, CARDAMONE,
and B.D. PARKER, Circuit Judges.

### SUMMARY ORDER

Plaintiffs–Appellants Nora Z. Ramos
and Antonietta Maglipon, *pro se*, appeal
from the judgment of the United States
District Court for the Eastern District of
New York (Dearie, *J.*), dismissing their 42
U.S.C. § 1983 complaint pursuant to Fed.
R.Civ.P. 12(b)(1) for lack of jurisdiction
under the *Rooker–Feldman* doctrine. Fa-
miliarity is assumed as to the facts, the
procedural context, and the specification of
appellate issues.

We review *de novo* the district court's
determination that it lacks subject matter
jurisdiction. *See Rivers v. McLeod*, 252
F.3d 99, 101 (2d Cir.2001). "A plaintiff
asserting subject matter jurisdiction has
the burden of proving by a preponderance
of the evidence that it exists." *Makarova
v. United States*, 201 F.3d 110, 113 (2d
Cir.2000).

The *Rooker–Feldman* doctrine bars not
only claims that involve direct review of a
state court decision, but also claims, as
those here, which are "inextricably inter-
twined" with a state court decision. *Var-
gas v. City of New York*, 377 F.3d 200, 205
(2d Cir.2004). It is clear that the Plain-
tiffs–Appellants impermissibly seek review
of decisions of various state court judges.
*See Hachamovitch v. DeBuono*, 159 F.3d
687, 694 (2d Cir.1998) (a "federal claim is
inextricably intertwined with the state-
court judgment if the federal claim suc-
ceeds only to the extent that the state
court wrongly decided the issues before
it") (quoting *Pennzoil Co. v. Texaco, Inc.*,
481 U.S. 1, 25, 107 S.Ct. 1519, 95 L.Ed.2d 1
(1987) (Marshall, J., concurring)).

For these reasons, the judgment of the District Court is hereby AFFIRMED.